J. Alan Frederick, Esq.  (SBN 61170)
Danica Lam, Esq. (SBN 266710)
MARRONE, ROBINSON, FREDERICK & FOSTER
111 North First Street, Suite 209
Burbank, California 91502-1851
Phone: (818) 841-1144 / Fax: (818) 841-0746

Attorneys for Defendant, Counterclaimant and Crossclaimant,
KOOKMIN BEST INSURANCE COMPANY, LIMITED, U.S. BRANCH

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>       Plaintiff,<br><br>  v.<br><br>BRILLIANT MANAGEMENT INC. DBA EL DORADO INN, a California corporation; HSIAO PING WANG, an individual; RICHARD PEDROZA, an individual; TRICIA COELHO, an individual; DOUG MAGILL, an individual; SEQUOIA INSURANCE COMPANY; and KOOKMIN BEST INSURANCE COMPANY (US BRANCH) f/k/a LEADING INSURANCE GROUP INSURANCE CO., LTD.,<br><br>       Defendants.<br><br>AND ALL CROSS-CLAIMS AND COUNTER-CLAIMS FILED HEREIN | Case No.  8:17-cv-01402-CJC-(DFMx)<br><br>**KOOKMIN BEST INSURANCE COMPANY, LIMITED, U.S. BRANCH'S FIRST AMENDED CROSS-CLAIM** |

1

# CROSS-CLAIM

Defendant and counterclaimant Kookmin Best Insurance Company (US Branch) f/k/a Leading Insurance Group Insurance Co., Ltd. (KBIC) alleges and crossclaims against cross-defendants Brilliant Management Inc. dba El Dorado Inn, Hsiao Ping Wang, Wing Hane Group, Inc. dba Valencia Inn and Wang Chi Chung, (collectively "Cross-defendants" and/or "Insureds") as follows:

## I. INTRODUCTION

1. Defendant and counter-claimant and cross-claimant KBIC seeks a judicial determination of coverage for underlying lawsuits which allege owners and property managers had a policy and practice to require residents to check out of their units every 28 days for 24 hours-- called the "28-day Shuffle" – to avoid vesting in the tenants various rights which would accrue after 30 days of tenancy. The tenants sought millions of dollars, primarily grounded upon various civil penalties (including $500 per violation for each occurrence of imposing the 28-day Shuffle upon each individual resident) for the years this practice existed.

2. Although other issues are raised herein, common to all policies issued by KBIC, and critical for resolution is that there is no duty to defend and indemnify for civil statutory penalties under the terms of the insurance policies and under California law, there is no coverage for attorneys fees of the adverse parties and there is no coverage for intentional conduct.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §1367(a).

## III. PARTIES

4. Defendant, counter-claimant and cross-claimant KBIC is, and at all times was incorporated in New York with its principal place of business in New Jersey and authorized to transact the business of insurance in the State of California.

5. Defendant and cross-defendant Brilliant Management Inc. dba El Dorado Inn ("Brilliant") is, and at all times herein mentioned was, a hotel

MARRONE, ROBINSON, FREDERIC & FOSTER
A PROFESSIONAL CORPORATION
111 NORTH FIRST STREET, SUITE 209, BURBANK, CALIFORNIA 91502-1851
PH: (818) 841-1144 / FAX: (818) 841-0746

management company organized and existing as a corporation under the laws of the State of California, with its principal place of business in the County of Orange, California, and owned by Hsiao Ping Wang.

6. Defendant and cross-defendant Hsiao Ping Wang is, and at all times herein mentioned was, a resident and citizen of the County of Los Angeles, California. Counter-claimant is informed and believes, and thereon alleges that at all relevant times, Hsiao Ping Wang was and is the President of Brilliant and an owner of the El Dorado Inn. He is also an owner and Chief Executive Officer of Wing Hane Group, Inc. dba Valencian Inn.

7. Cross-defendant Wing Hane Group, Inc. dba Valencia Inn ("Valencia Inn") is, and at all times herein mentioned was, a hotel management company organized and existing as a corporation under the laws of the State of California, with its principal place of business in the County of Los Angeles, California, and owned by Wang Chi Chung and/or Hsiao Ping Wang.

8. Cross-defendant Wang Chi Chung is, and at all times herein mentioned was, a resident and citizen of the County of Los Angeles, California. Counter-claimant is informed and believes, and thereon alleges that at all relevant times, Wang Chi Chung was and is an owner of Valencia Inn.

9. Brilliant, Hsiao Ping Wang, Valencia Inn, and Wang Chi Chung are collectively referred to as Insureds.

10. Underlying plaintiffs Richard Pedroza ("Pedroza"), Tricia Coelho ("Coelho") and Doug Magill ("Magill"), are and at all relevant times herein mentioned were residents and citizens of the County of Orange, California. Pedroza, Coelho and Magill have made claims on behalf of themselves and a class of individuals who are former non-transient residents of the El Dorado Inn in separate class actions titled *Richard Pedroza, individually and on behalf of all others similarly situated, Plaintiffs v. El Dorado Inn, Brilliant Management, Inc. et al., Defendants*, Orange County Superior Court Case No. 30-2014-00731601-CU-BT-CXC (filed June

27, 2014), *Debbie Kearns, Tricia Coelho and Doug Magill, on behalf of themselves and all others similarly situated, Plaintiffs v. El Dorado Inn, et al., Defendants*, Case No. 30-2014-00731611-CU-MC-CXC (filed June 27, 2014). The *Pedroza* action and the *Kearns* action have been consolidated with a third action titled *Michael R. McIntyre and Theo Phillips-Powers, on behalf of themselves and all persons similarly situated v. Valencia Inn, Wing Hane Group, Inc., Wang Chi Chung, et al., Defendants*, Case No. 30-2014-00732772-CU-BT-CXC (filed July 7, 2014), which alleges similar claims on behalf of a class of non-transient residents of the Valencia Inn. Michael R. McIntyre ("McIntylre") and Theo Phillips-Power ("Phillips-Power"), at all relevant times herein mentioned were residents and citizens of the County of Orange, California. The *Pedroza* action, the *Kearns* action and the *McIntyre* action were consolidated (collectively, "the Underlying Lawsuit").

### IV. THE UNDERLYING LAWSUIT

11. On June 27, 2014, Richard Pedroza, individually and on behalf of all persons similarly situated, sued El Dorado Inn, Brilliant Management Inc., Hsiao Ping Wang aka Wang Hsiao-Ping, Orange County Superior Court Case No. 30-2014-00731601-CU-BT-CXC, on behalf of a putative class of persons who had resided at the El Dorado Inn within three years prior to the filing of the Complaint and were required to move out or to check out and re-register before the expiration of 30 consecutive days of occupancy. The *Pedroza* action alleges that the Underlying Defendants' check-out practice, i.e., the "28 Day Shuffle," subjected the Underlying Plaintiffs to pay taxes that would otherwise be eliminated pursuant to Civil Code § 1940.1. The Underlying Defendants also allegedly threatened, intimidated and coerced the residents to vacate the property every 28 days, thereby interfering with the Underlying Plaintiffs' exercise or enjoyment of statutory rights under Civil Code § 52.1 (b) and Civil Code § 52 (b). On or about October 20, 2014, the Underlying Plaintiffs served the Underlying Defendants with the *Pedroza* First Amended Complaint, adding a third cause of action for Violation of Unfair Competition Law as

embodied in Business & Professions Code § 17200, et seq.

12. Debbie Kearns, on behalf of herself and all others similarly situated, filed a complaint on June 27, 2014 in Orange County Superior Court against El Dorado Inn, Valencia Inn, Wing Hang Group, Inc., Orange County Superior Court Case No. 30-2014-00731611-CU-BT-CXC, alleging that Defendants violated Civil Code § 1940.1 by engaging in the 28-day Shuffle practice of requiring residents to move out or to check out and re-register before the expiration of 30 consecutive days of occupancy. The *Kearns* Complaint also alleges causes of action for Declaratory Relief, Wrongful Eviction (Civil Code § 789.3), and Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.). The subsequently filed *Kearns* First Amended Complaint added additional class representatives, Tricia Coelho (a resident of El Dorado Inn) and Doug Magill (a resident of Valencia Inn).

13. On or about July 7, 2014, Michael R. McIntyre and Theo Phillips-Powers, on behalf of themselves and all persons similarly situated, filed a Complaint in Orange County Superior Court against Valencia Inn, Wing Hane Group, Inc. and Wang Chi Chung, Orange County Superior Court Case No. 30-2014-00732772-CU-BT-CXC. The complaint, among other things, alleges that the defendants named therein engaged in the "28-Day Shuffle" tactic, and allegedly violated *Civil Code*, §1940.1, *Civil Code*, §52.1 and the Unfair Competition Law (*Bus. & Prof. Code* §17200, et seq.).

14. Hsiao Ping Wang aka Wang Hsiao-Ping is named as a defendant in the *Pedroza* Complaint, and is sued in his capacity as owner of Brilliant and as operating the El Dorado Inn. Hsiao Ping Wang is not a defendant to the *Kearns* action or the *McIntyre* action. Brilliant is not a defendant to the *McIntyre* action.

15. On December 5, 2014, the *Pedroza* action, the *Kearns* action and the *McIntyre* action were consolidated to become the Underlying Lawsuit. Collectively, the Underlying Plaintiffs allege the following causes of action:

    a. Violation of Civil Code § 1940.1 - The Insureds' implementation

5

of the prohibited policy (28-day Shuffle) interfered with the residents' legal right to establish a landlord-tenant relationship. The Underlying Plaintiffs seek civil penalties of $500 per violation for each occurrence of imposing the 28-day Shuffle upon an individual resident.

    b.    Violation of Civil Code § 52.1 - The Insureds allegedly prevented the Underlying Plaintiffs from exercising or enjoying their statutory rights "by threats, intimidation, or coercion," including verbal harassment, physically removing or threatening to physically remove residents who did not depart, physically removing or threatening to physically remove possessions, blocking or attempting to block residents from returning to their units, locking out residents, physical intrusions into residents' rooms without permission and at unpredictable hours, and verbal and written threats to bring unauthorized legal proceedings against the tenants.  The Underlying Plaintiffs seek compensatory damages and civil penalties of $25,000 per violation under Civil Code §§ 52.1(b) and 52(b).

    c.    Wrongful Eviction (Civil Code § 789.3) – The Underlying Plaintiffs contend the long term residents of the Inns have established a landlord-tenant relationship with the Insureds as a result of those residents' continuous occupancy for over 30 days. Civil Code § 789.3 prohibits a landlord, with the intent to terminate the occupancy, from preventing a tenant from gaining reasonable access to their room by changing locks, remove outside doors or windows, or remove the tenant's personal property without prior written consent.  The Underlying Plaintiffs contend that the Insureds willfully, and for the purpose of terminating the

Underlying Plaintiffs' residency, locked the Underlying Plaintiffs out of their homes and/or removed Plaintiffs' personal property, which terminated their tenancies in violation of Civil Code § 1161(2). The Underlying Plaintiffs seek actual damages, civil penalties of $100 per day of violation, reasonable attorneys' fees, injunctive relief to prevent further violations under Civil Code § 789.3(d).

d. Violation of Unfair Competition Law (Bus. & Prof. Code § 17200) – The Underlying Plaintiffs seek an injunction prohibiting the Insureds' misconduct, imposition of a constructive trust and/or disgorgement of ill-gotten gains to pay restitution to the Underlying Plaintiffs for their economic injuries (e.g., fees related to the 28-day lockout, moving costs and expenses, lost deposits), and appointment of a receiver.

## V.  INSURANCE POLICIES

16. Leading Insurance Group Co. LTD (United States Branch) ("LIG") issued to Wing Hane Group, Inc. dba Valencia Inn two commercial general liability policies relevant to this action under Policy No. 02CPS 064126 in effect from September 30, 2012 to September 30, 2013 and renewed September 30, 2013 to September 30, 2014. True and correct copies of the policies are attached respectively as **Exhibit A** and **Exhibit B**.

17. KBIC also issued to Brilliant Management DBA: El Dorado Inn two commercial general liability policies relevant to this action: Policy No. 02CPS 072900 00, in effect March 8, 2013 to March 8, 2014 and Policy No. 02CPS 072900 01, in effect March 8, 2014 to March 8, 2015. True and correct copies of the policies are attached respectively as **Exhibit C** and **Exhibit D**. These KBIC policies are hereinafter collectively referred to as KBIC Policies.

18. LIG changed its name to KBIC on June 24, 2015. This name change

from LIG to KBIC did not affect or amend the provisions of the KBIC Policies which were issued to Insureds. The provisions of the KBIC Policies stayed the same, and remain unchanged as of this date. Further, after the name change, KBIC discharged the policy obligations under its new name.

## VII.  KBIC'S DEFENSE OF THE INSUREDS IN THE UNDERLYING LAWSUIT

19. KBIC agreed to defend Wing Hane Group, Inc. dba Valencia Inn and Wang Chi Chung in the Underlying Lawsuit and issued two reservation of right letters dated August 27, 2014 and September 18, 2014. These reserved the right to obtain reimbursement of attorneys fees and/or amounts paid in settlement/judgment as against the insureds.

20. KBIC agreed to defend Brilliant Management Inc. in the Underlying Lawsuit and issued a reservation of rights letter dated September 5, 2014. This reserved the right to obtain reimbursement of attorneys fees and/or amounts paid in settlement/judgment as against the insureds.

## VIII. KBIC'S INDEMNITY OF INSUREDS IN THE UNDERLYING LAWSUIT

21. The Underlying Plaintiffs entered into a settlement with the Insureds in connection with the Underlying Lawsuit ("Settlement Agreement"). For a full and complete release of liability in the Underlying Lawsuit, Underlying Plaintiffs, together with their represented certified class, agreed to a final judgment amount of $4,616,000 comprised of $ 3,200,000 cash ("Settlement Payment") and assignment of Insureds' rights against third party Ironshore Insurance Company in the amount of $1,416,000. A true and correct copy of the Settlement Agreement is attached as **Exhibit E**.

22. The Settlement Payment to Underlying Plaintiffs were funded as follows:

   a.  The Insureds agreed to pay $600,000;

    b.   KBIC agreed to and paid $2,000,000. Such payment was tendered in January 2020.

    c.  The remaining cash portion of the Settlement Payment was paid for by the other carriers.

23. On July 31, 2020, the Orange County Superior Court approved the Settlement Agreement in connection with the Underlying Lawsuit.

## FIRST CROSS-CLAIM

### (Reimbursement of Defense Costs)

24. KBIC realleges and incorporates herein by reference paragraphs 1 through 22, as though fully set forth herein.

25. Pursuant to the terms, provisions, conditions, exclusions and endorsements comprising the KBIC Policies, KBIC had no duty or obligation of defense in the Underlying Lawsuit.

26. Among other things, the Underlying Lawsuit alleges intentional conduct and statutory violations by the Insureds. Such claims and relief are not within coverage afforded by the KBIC Policies issued by KBIC to the Insureds.

    a.   California Insurance Code section 533.5 states that no insurer shall have any duty to defend any action or proceeding brought, or indemnity for any fine, penalty or restitution, pursuant to Chapter 5 (commencing with section 17200) of Part 2 of the Business and Professions Code brought by any city prosecutor notwithstanding whether this exclusion or exception regarding the duty to defend this type of claim is expressly stated in the policy. Thus, Plaintiff has no duty to defend the claims in the Underlying Lawsuit seeking civil penalties or restitution pursuant to Business and Professions Code sections 17203 and 17206.

    b.   California Insurance Code section 533 also states that an insurer cannot defend or indemnify its insured for any intentional

conduct, which California law has applied to bar an insurer from defending and/or indemnifying an insured for punitive damages claims. Thus, KBIC has no duty to defend the claims in the Underlying Lawsuit seeking punitive damages.

    c.    California law dictates that an award of civil penalties pursuant to statute is considered to be punitive and determined on the basis of equitable principles to deter misconduct and harm rather than to compensate any plaintiff for actual damages. As such, KBIC would also have no duty to defend the claims in the Underlying Lawsuit seeking civil penalties.

    d.    California law also dictates that insurance does not cover restitution relief, declaratory relief, injunctive relief or specific performance. The public policy rationale is that when a law requires a wrongdoer to disgorge money or property acquired through violation of the law, transferring the cost of violation to an insurer would eliminate the incentive for obeying the law and the wrongdoer would retain proceeds of the illegal act. Further, the KBIC Policies clearly state that KBIC is only liable to pay for those damages sustained by the Insureds within coverage. California law limits the definition of "damages" to money ordered by a court. As such, KBIC has no duty to defend the claims in the Underlying Lawsuit seeking restitution relief, declaratory relief, injunctive relief or specific performance.

27.    Based on the foregoing, there is and has been no potential for coverage, in whole or in part, for the Underlying Lawsuit under the KBIC Policies because each claim either fails to seek any damages within the scope of coverage of the KBIC Policies, or is excluded by the KBIC Policies or by operation of law. KBIC therefore never had a duty to defend the Underlying Lawsuit in whole or in part.

KOOKMIN BEST INSURANCE COMPANY, LIMITED, U.S. BRANCH'S
FIRST AMENDED CROSSCLAIM

28. KBIC agreed to provide a defense in the Underlying Lawsuit and has incurred fees and expenses in providing that defense.

29. KBIC agreed to provide a defense against the Underlying Lawsuit, but reserved the right to seek reimbursement of any defense fees or expenses incurred in the defense of uncovered claims, in whole or in part, pursuant to the holding of *Buss v Superior Court* (1997) 16 Cal 4th 35 and related California law.

30. Because the claims in the Underlying Lawsuit were not covered and/or are excluded from coverage, in whole or in part, KBIC is entitled to recover all of the fees and costs it has incurred in the defense of the Underlying Lawsuit in an amount to be determined at trial.

31. In the alternative, KBIC is entitled to recover the fees and costs incurred in the defense of uncovered claims in the Underlying Lawsuit in an amount to be determined at trial.

WHEREFORE KBIC prays for judgment as set forth hereafter.

## SECOND CROSS-CLAIM

**(Reimbursement of Indemnity In the Form Of Settlement Payment Made On Behalf of the Insureds)**

32. KBIC realleges and incorporates herein by reference paragraphs 1 through 31, as though fully set forth herein.

33. There is and has been no coverage for the Underlying Lawsuit under the KBIC Policies because each claim either fails to seek any damages within the scope of coverage of the KBIC Policies, or is excluded by the KBIC Policies or by operation of California law. KBIC therefore never had a duty to indemnify the Underlying Lawsuit, in whole or in part.

34. In accepting the Insureds' tender of defense and indemnity, KBIC accepted the tender under a full and complete reservations of rights. Specifically, KBIC reserved the right to seek reimbursement of all amounts and incurred in connection with any and all uncovered claims pursuant to California law and the

provisions of KBIC Policies.

35. Because the claims in the Underlying Lawsuit are not covered and/or are excluded from coverage, KBIC is entitled to recover the $2,000,000 it paid in connection with the Settlement Payment with regards to the Underlying Lawsuit. KBIC is also entitled to interest at the legal interest rate in an amount to be determined at trial.

WHEREFORE KBIC prays for judgment as set forth hereafter.

## VI. PRAYER

WHEREFORE, KBIC prays for judgment against all Counter-defendants as follows:

1. For reimbursement of attorney's fees and costs incurred by KBIC to defend in the Underlying Lawsuit according to proof.

2. For reimbursement of settlement amounts paid by KBIC to indemnify the Insureds in the Underlying Lawsuit according to proof.

3. For an award of its costs of suit; and

4. For such other and further relief as the Court deems just and proper.

Dated: July 7, 2021

MARRONE, ROBINSON, FREDERICK & FOSTER
A Professional Corporation


BY _____/ s /_____
J. Alan Frederick, Esq.
Danica Lam, Esq.
Attorneys for Defendant, Counter-complainant, Cross-Complainant KOOKMIN BEST INSURANCE COMPANY, LIMITED, U.S. BRANCH

# PROOF OF SERVICE
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of 18 years and not a party to the within action or proceeding. My business address is 111 North First Street, Suite 209, Burbank, California 91502-1851. I am employed in the County of Los Angeles, State of California, where this mailing, facsimile and/or delivery is occurring.

On the date of this declaration, i have caused this document, i.e., **KOOKMIN BEST INSURANCE COMPANY, LIMITED, U.S. BRANCH'S FIRST AMENDED CROSS-CLAIM** to be served in the manner described above upon the following party(ies):

☒   BY ELECTRONIC SERVICE: Pursuant to Local Rule 5.I caused such document(s) to be electronically served, via the CM/ECF system, served on all interested parties in this action shown by Electronic-Filing through CM/ECF.com.

I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on July 7, 2021, at Burbank, California.

_____
Allison Webster, Declarant